## George E. RHODES v. STATE.

### No. 14580.

Court of Criminal Appeals of Texas.

June 26, 1931.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CALHOUN, J.

Offense, theft; punishment, ten years in the penitentiary.

Affidavit in proper form has been filed by appellant asking this court to dismiss his appeal.

The motion is granted, and the appeal dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## L. A. BARNES v. A. H. BINFORD et al.

### No. 9599.

Court of Civil Appeals of Texas. Galveston.

July 9, 1931.

M. E. Gates, of Huntsville, for appellant.

GRAVES, J.

In this cause appellant sought an injunction restraining the appellees from selling a certain 10 acres of land at Bedias in Grimes county, which he claimed as the homestead of himself and family. The trial court after hearing the evidence of both sides peremptorily instructed the jury to find for the appellees upon a holding that "the uncontradicted testimony shows that the premises situated in Grimes County, Texas, and owned by the plaintiff, L. A. Barnes, had been permanently abandoned by the plaintiff as a homestead, and another homestead had been acquired and was being used and enjoyed by the plaintiff and his family, at the time of the levy of the writ of execution upon the lands described in plaintiff's petition."

After a careful examination of the statement of facts, this court concludes that the instructed verdict and consequent judgment were erroneous, in that the evidence clearly raises the issue of fact as to whether or not appellant's abandonment of the Grimes county home was merely temporary with the intention at the time of thereafter returning to it and continuing to make it the homestead of his family. The judgment will therefore be reversed, and the cause remanded for a trial upon that issue.

Reversed and remanded.

## TEXAS & NEW ORLEANS RAILROAD CO. v. J. A. MORGAN.

### No. 2095.

Court of Civil Appeals of Texas. Beaumont.

June 18, 1931.

F. J. & C. T. Duff, of Beaumont, Baker, Botts, Andrews & Wharton, of Houston, and D. C. Bland, of Orange, for appellant.

O. R. Sholars and R. Lee Davis, both of Orange, for appellee.

WALKER, J.

This was an action by appellee against appellant for damages for killing his horse. On trial to a jury, his damages were assessed at $125, and judgment entered in his favor for that amount. The trial court submitted to the jury the issue of negligence, but over defendant's objections refused to submit the issue of proximate cause. The omission was called to the court's attention, not only by exceptions, but by a requested charge. While the requested charge was defective, it was sufficient to call the court's attention to the defect in the charge, as submitted to the jury, and it put upon him the burden of preparing and submitting a correct charge. Other errors are assigned, which probably will be obviated upon another trial.

For the error discussed, the judgment of the lower court is reversed, and the cause remanded for a new trial.